kmo/lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CORDELL NICHOLS,                    )
                                   )
                    Petitioner,     )
        v.                          )        Case No. 02-40098-JAR
                                   )
UNITED STATES OF AMERICA,           )
                                   )
                    Respondent.     )
_____)

## MEMORANDUM AND ORDER

The Court now considers petitioner Cordell Nichols' Motion for Demands [sic] for

Production of Statements and Reports of Witnesses under 18 U.S.C. § 3500 (Doc. 337) and

Motion to Compel (Doc. 338).  For the reasons stated more fully below, petitioner's motions are

denied.

### *Background*

In June 2003, a jury found petitioner guilty of one count of possession with intent to

distribute heroin and one count of conspiracy to distribute heroin.  Petitioner was sentenced to

360 months' imprisonment.  The case was remanded to this Court with instructions to vacate the

sentence previously imposed and resentence defendant in accordance with *United States v.*

*Booker*.[1]  In March 2006, the Court resentenced petitioner to 360 months' imprisonment.  On

March 7, 2007, the Tenth Circuit granted counsel Stephen Kessler's motion to withdraw and

---

[1]543 U.S. 220 (2005).

dismissed petitioner's direct appeal.[2]  Petitioner's Petition for Writ of Certiorari was denied by the United States Supreme Court on October 1, 2007.[3]  Both of petitioner's motions are requested to assist him in preparing a 28 U.S.C. § 2255 motion.  At this time, however, there is no criminal or civil case pending.

### Motion to Compel

Petitioner indicates the purpose for which he requests discovery materials from his former counsel, James Chappas, is to "adequately prepare a sound defense in petitioner's 2255 proceedings," specifically to raise a claim of ineffective assistance of counsel.  The Court notes, however, that petitioner has not yet filed a motion under 28 U.S.C. § 2255.  A petitioner has a right to reasonable access to pre-existing files and records of their underlying case.[4]  However, that right does not extend to access for the purpose of preparing a collateral attack on a conviction.[5]  If a prisoner believes he is entitled to discovery in aid of a collateral attack, "his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending."[6]  Should petitioner timely file a motion under 28 U.S.C. § 2255, his request for discovery will be governed by the Rules Governing § 2255 cases.[7]  Under Rule 6(a), petitioner will need to show good cause for discovery and the granting of discovery is at the

---

[2]*United States v. Nichols*, 219 F. App'x 770 (10th Cir. 2007).

[3](Doc. 321).

[4]*Rush v. United States*, 559 F.2d 455, 458 (7th Cir. 1977).

[5]*Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992).

[6]*Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001).

[7]*Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

discretion of the court.[8]

Because petitioner has yet to file a motion under § 2255, he is not entitled to the requested discovery materials.  Accordingly, petitioner's Motion to Compel is denied.

### Jencks Act Materials

Petitioner has requested production of statements and reports of witnesses who did not testify at trial under the Jencks Act, 18 U.S.C. § 3500, which states in relevant part that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."[9]  This section manifests the general statutory aim to restrict the use of such statements to impeachment.[10]  Furthermore, statements of a government witness made to an agent of the government that cannot be produced under the terms of § 3500 cannot be produced at all.[11]  Petitioner has not cited any legal authority for the filing of such motions prior to the filing of the § 2255 motion itself.  Moreover, because the Jencks Act limits discovery of statements of witnesses to statements made by witnesses who testified on direct examination, the government is not obligated to turn over statements of persons who were listed as potential witnesses but did not testify at trial.  Therefore, petitioner's request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion for

---

[8]*Id.*

[9]18 U.S.C. § 3500(a).

[10]*Palermo v. United States*, 360 U.S. 343, 349 (1959).

[11]*Id.* at 351.

Demands [sic] for Production of Statements and Reports or Witnesses (Doc. 337) and Motion to

Compel (Doc. 338) are DENIED without prejudice.

IT IS SO ORDERED.

Dated this  16th  day of June 2008.

  S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

4