**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CORDELL NICHOLS,**<br><br>**Defendant.** | Case No. 02-40098-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Cordell Nichols's Amended Motion for Compassionate Release (Doc. 422). For the reasons provided below, Defendant's motion is granted.

### I.  Background

On June 9, 2003, Defendant was convicted by a jury of one count of possession with intent to distribute approximately 4.6 kilograms of heroin, in violation of 21 U.S.C. § 841(a)(1); and one count of conspiracy to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. § 846.[1] Defendant was subject to a statutory mandatory minimum sentence of twenty years as a result of an Information filed pursuant to 21 U.S.C. § 851(a)(1), based on a prior felony conviction for possession of cocaine.[2] This Court sentenced Defendant to 360 months' imprisonment, followed by ten years of supervised release.[3]

---

[1] Doc. 190.

[2] Presentence Investigation Report ¶ 104.

[3] Doc. 217.

The Tenth Circuit Court of Appeals affirmed Defendant's convictions and sentence.[4]  On January 24, 2005, the United States Supreme Court granted certiorari, vacated the judgment, and remanded the case to the Tenth Circuit for further consideration in light of its decision in *United States v. Booker*.[5]  On June 7, 2005, the Tenth Circuit reinstated its opinion affirming Defendant's conviction and remanded the case to this Court for resentencing.[6]  This Court resentenced Defendant to 360 months' imprisonment on both counts, to run concurrently.[7]  The Tenth Circuit affirmed Defendant's sentence.[8]  This Court subsequently denied Defendant's motion to vacate sentence under 28 U.S.C. § 2255.[9]  The Tenth Circuit denied Defendant a certificate of appealability and dismissed his appeal challenging this Court's denial of relief under § 2255.[10]

In 2015, after Sentencing Guidelines Amendment 782 lowered his guidelines range to 262 to 327 months, the Court reduced his sentence to 298 months.[11]  While serving that sentence, in 2018, Defendant received a four-month misdemeanor sentence in federal court in Arkansas for possessing a cell phone inside Forrest City Low.[12]

On July 30, 2020, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[13]  On August 27, 2020, the Federal Public Defender ("FPD") filed an

---

[4] *United States v. Nichols*, 374 F.3d 959, 961 (10th Cir. 2004), *vacated* 543 U.S. 1113 (2005).

[5] *See Nichols v. United States*, 543 U.S. 1113 (2005) (citing *Booker*, 543 U.S. 220 (2005)).

[6] *See United States v. Nichols*, 410 F.3d 1186, 1187 (10th Cir. 2005).

[7] Doc. 200.

[8] *United States v. Nichols*, 219 F. App'x 770, 774 (10th Cir.), *cert. denied* 128 S. Ct. 329 (2007).

[9] Doc. 387.

[10] *United States v. Nichols*, 447 F. App'x 13, 14 (10th Cir. 2011).

[11] Doc. 415.

[12] Doc. 422, Exs. 4, 5.

[13] Docs. 419, 419-1.

amended motion seeking compassionate release due to his underlying medical conditions of Type 2 diabetes, obesity, hypertension, and asthma and the risk of severe complications or death should he contract COVID-19 while in prison.[14]  Defendant also uses an immunosuppressant medication for a rheumatic condition.  He requests that his sentence be reduced to 214 months, followed by a home confinement condition of supervised release until July 27, 2025.  Alternatively, Defendant requests this Court to reduce his sentence to time served, so that he may seek the same relief in Arkansas court.  Defendant's release plan to live with his mother in St. Louis, Missouri has been confirmed by the United States Probation Office ("USPO").

At the time of his motion and amended motions, Defendant was housed at Forrest City Low, one of the epicenters of the COVID-19 outbreak within the Bureau of Prisons ("BOP").  In September 2020, however, the FPD discovered that Defendant had been transferred to the Oklahoma City Federal Transfer Center ("Oklahoma FTC").[15]  A recent search by the Court confirms Defendant is now housed at FCI Texarkana.[16]  The BOP currently reports 20 inmates at that facility have tested positive for COVID-19, no inmates have died, 445 inmates have been tested, with zero tests pending.[17]  Defendant is a 48-year-old Black man, and his projected release date is July 27, 2025.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do

---

[14] Doc. 422.

[15] Doc. 428.

[16] Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Oct. 14, 2020).

[17] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed October 16, 2020).

so.'"[18]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[19]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[20]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[21]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[22]  In addition, a court must ensure that any reduction in a

---

[18] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[19] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[20] 18 U.S.C. § 3582(c)(1)(A).

[21] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[22] 18 U.S.C. § 3582(c)(1)(A).

defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[23]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory or the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other reasons as determined by the director of the BOP.[24] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[25]

---

[23] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[24] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[25] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary find compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

## III. Discussion

### A. Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c). Defendant's request for compassionate release was denied by the Warden at Forrest City Low on August 3, 2020.[26] The government does not dispute that Defendant has satisfied the applicable exhaustion requirement. More than thirty days have passed since the Warden received Defendant's request. Thus, this Court has jurisdiction to decide Defendant's motion.

### B. Extraordinary and Compelling Reasons

Having determined that Defendant properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant a reduction in Defendant's sentence. Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[27] The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[28]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling reasons to reduce his sentence. He contends that his underlying health conditions of Type 2 diabetes, obesity, hypertension, and asthma, and his use of immunosuppressants, coupled with the outbreak of COVID-19 in prison and his recent transfer to two different facilities, make him more susceptible to serious illness or death should he contract COVID-19. The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's

---

[26] Doc. 422-1.

[27] 28 U.S.C. § 994(t).

[28] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted. Accordingly, the Court proceeds to consider the § 3553(a) factors.

### C.    Section 3553(a) Factors

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[29]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the

---

[29] 18 U.S.C. § 3553(a).

offense, the need to provide adequate deterrence, and the need to protect the public from further crimes.

Defendant has a significant criminal history related to drug trafficking. At the same time, he has already served over eighteen years in prison, more than 70% of his total sentence. When combined with a special term of supervised release that includes 90 days of home confinement, a reduced sentence under § 3582(c)(1)(A) is not inconsistent with the seriousness of the offense, the need for deterrence, and the need to protect the public. Defendant received enhancements in his initial sentencing that he would not receive if he were sentenced today. Specifically, he received an § 851(a)(1) enhancement based on a previous Missouri conviction for possession of cocaine.[30] He served only seven months for that conviction and under the post-First Step Act law, this offense would not qualify as a "serious drug felony"—the new benchmark for § 851 enhancements—because he served less than twelve months and because it was a simple possession offense without any element of intent to distribute.[31] In addition, Defendant does not have a history of violence or possession of firearms and, as the government concedes, does not necessarily pose a direct and immediate danger to society at large. His recent conviction for possession of a cell phone and disciplinary incident in BOP for fighting do not undercut the length of time Defendant has served.

The Court declines Defendant's request to reduce his sentence to 214 months, thus avoiding the additional four-month sentence imposed by the Arkansas federal court. Nor does the Court impose a special term of supervised release including home confinement of over four

---

[30] PSR ¶ 104.

[31] *See* 21 U.S.C. §§ 802(57), 841(b)(1)(A); *United States v. Day*, ---F. Supp. 3d---, 2020 WL 4251803, at *4 (E.D. Va. July 23, 2020) (explaining First Step Act modified § 851 enhancement qualifying offense as only a "serious drug felony predicate offense as one for which an offender actually served a term of imprisonment of more than one year, instead of an offense that is punishable by imprisonment of more than one year).

years. Instead, in light of Defendant's current medical conditions, the COVID-19 pandemic, and the applicable factors under § 3553(a), the Court finds that a sentence of time served with the added special condition of supervised release to include a period of home confinement of 90 days is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, protect the public, and provide Defendant needed treatment in an effective manner. Accordingly, the Court reduces Defendant's sentence of 298 months to time served with a ten-year term of supervised release to start immediately upon his release, with the added special condition of 90-days home confinement with monitoring by the USPO. Defendant may seek the same relief in the Arkansas court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Amended Motion for Compassionate Release (Doc. 422) is GRANTED. The Court reduces Defendant's sentence of 298 months in prison to TIME SERVED. Defendant may seek the same relief in the Arkansas court on his additional four-month sentence imposed by that court. Defendant's ten-year term of supervised release shall start immediately upon his release. All previously imposed terms and conditions of Defendant's term of supervised release, as set forth in the Judgment filed on April 11, 2006, shall remain in effect. **In addition, during the term of supervised release, Defendant shall be on home confinement for a period of 90 days and is restricted to his residence at all times except for medical necessities and court appearances or other activities specifically approved by the court. Defendant will be required to wear a location monitoring device, which will include Radio Frequency, Global Positioning System and/or Random Tracking at the discretion of the U.S. Probation Officer, and shall abide by all technology requirements. Defendant must follow all location monitoring procedures specified by the U.S. Probation Officer, and must contribute toward the cost, to the extent**

**he is financially able to do so, as directed by the court and/or probation officer.** Defendant shall self-quarantine during the first fourteen days of his term of supervised release.

**IT IS SO ORDERED.**

Dated: October 19, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
